IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MICHAEL S. CRAIG,

    PLAINTIFF,

vs.                                            CASE NO. CV 09-J-1803-NE

WACHOVIA BANK, N.A. et al.,

    DEFENDANTS.

### MEMORANDUM OPINION and ORDER

This case is before the court on the defendant's notice of removal (doc. 1), which the court has considered *sua sponte*. The plaintiff filed a pro se complaint and in forma pauperis affidavit in the Circuit Court of Morgan County, Alabama. The Circuit Judge granted the plaintiff's motion to proceed without prepayment of the civil docket fee. Defendants Wachovia Bank, N.A., and Miranda H. Champlin filed the Notice of Removal. Defendant Tiffany D. Wiggins filed consent to removal of this action.

In his pro se complaint, the plaintiff alleges that on July 28, 2008, he received a cash surrender of $642.00 from an insurance policy he owned. He received the check in the care of the former assistant warden of the correctional facility where he is incarcerated. The plaintiff sent $500.00 of these funds to "Wachovia Bank Management – Miranda H. Chaplin (sic)" for the purpose of opening a checking

account. The plaintiff further gave defendant Tiffany D. Wiggins a "power-of-attorney and fiduciary over the funds, and account." According to plaintiff, defendant Chaplin (sic) represented to the plaintiff during a phone call that he would be able to access the account jointly with defendant Wiggins, and that defendant Wiggins would only be able to transact business with the plaintiff's approval and on his behalf. The plaintiff was further informed by defendant Chaplin (sic) that she would mail him information regarding different types of accounts, which the plaintiff never received. He also never received a "customer account agreement." Rather, according to the plaintiff, defendant Chaplin (sic) allowed defendant Wiggins to open the account, spend almost all the money placed in the account, and then close the account, all without the plaintiff's knowledge or approval.

Based on the above set of events, the plaintiff sues the removing defendants for gross negligence, negligent misrepresentation, and material misrepresentation. He further asserts violation of his 5th and 14th Amendment rights of due process and equal protection of the U.S. Constitution, "Truth in Savings Act - disclosure statutes," "consumer protection act," and state statute violations.

With these claims, the defendants filed the Notice of Removal asserting this court has jurisdiction pursuant to 28 U.S.C. § 1331, 1441 and 1446, solely on the ground that plaintiff's alleged violation of the Truth In Savings Act ("TISA"), 12

U.S.C. § 4301, et seq., creates original jurisdiction in this court.[1]

In *Smith v. GTE Corporation*, 236 F.3d 1292 (11th Cir.2001), the Court held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id.* at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises"); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir.2000).

The removing defendants have the burden of demonstrating that there is federal jurisdiction over this matter. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996). Because this burden is high, unresolved doubts concerning the propriety of the removal must be resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir.1994). This court cannot proceed in any cause without subject matter jurisdiction. Should that be found lacking, the court must remand this case. See e.g., *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405,

---

[1] There is no allegation that this court has jurisdiction based on diversity as, clearly, it does not.

410 (11th Cir.1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir.2005) (quoting *Univ. of S. Ala.*, 168 F.3d at 410).

> The defendants rely solely on TISA.  Specifically, defendants assert that
>
> Plaintiff alleges a violation of "Truth In Savings Act" ("TISA") 12 U.S.C. § 4031 (sic).... Plaintiff seeks damages for this alleged violation of TISA....Because Plaintiff seeks to recover damages based on an alleged violation of TISA this action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331.

Notice of Removal, ¶ 2.  However, merely stating violation of a federal statute does not create jurisdiction in this court.  Rather,

> private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (citations omitted).  *See also*

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) (recognizing that federal

district courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress). Many years ago, Congress repealed the private right of action that had been available under Section 4310 of the Truth in Savings Act and, at the same time, withdrew the prior grant of federal jurisdiction over such claims.

> Section 4310 was repealed as of September 30, 2001.... [T]he repeal of § 4310 not only withdrew the jurisdiction of federal district courts to hear private [Truth in Savings Act] enforcement actions, but also entirely eliminated the cause of action, thereby releasing banks from future claims of private parties to recover actual and statutory damages for [Truth in Savings Act] violations.

*Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 209 n. 2 (3rd Cir.2002) (citing Act of Sept. 30, 1996, Pub.L. 104-208, § 2604(a), 110 Stat. 3009, 3009-470 (1996)); *accord Barnes v. Fleet Nat'l Bank, N .A.*, 370 F.3d 164, 168 n. 4 (1st Cir.2004); *Hirschbach v. NVE Bank*, 496 F.Supp.2d 451, 456 (D.N.J.2007); *Owens v. First City Nat'l Bank*, 714 F.Supp. 227, 231 & n. 19 (E.D.Tex.1989). Therefore, the court finds that the sole basis on which defendants rely for removing this action to federal court fails to create jurisdiction. While the plaintiff may be able to recover on his state law claims, there is no basis for him to recover damages under TISA. He is without a cause of action under that statute.

Although it has no duty to do so, the court has further considered whether any other basis for federal jurisdiction may be gleaned from the plaintiff's complaint. While the plaintiff has alleged violations of various Constitutional rights, he has not asserted a claim against any entity against whom those rights are enforceable. Rather, as he has neither sued individuals acting under color of state law nor stated any claim pursuant to 42 U.S.C. § 1983, these alleged Constitutional claims do not create jurisdiction in this court.

The court having considered the foregoing and finding no basis for jurisdiction;

It is **ORDERED** by the court that the plaintiff's complaint be and hereby is **REMANDED** to the Circuit Court of Morgan County, Alabama.

**DONE** and **ORDERED** this the 29th day of September, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE